# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELAINE R. MCKISSICK**, in her own right, and as Administratrix of the Estate of **TROY ALLEN COLE**, : : : | **CIVIL ACTION NO. 1:09-CV-1840** : **(Judge Conner)** |
| Plaintiff : : | |
| v. : : | |
| **COUNTY OF YORK**, *et al.*, : : | |
| Defendants : | |

## ORDER

AND NOW, this 13th day of May, 2010, upon consideration of the report of the magistrate judge (Doc. 29), wherein the magistrate judge recommends that the motion (Doc. 12) to dismiss, filed by defendants County of York, York County Board of Inspectors (a/k/a York County Prison Board), and Mary E. Sabol, Warden, (collectively, the "York County defendants"), be denied,[1] and further recommends that the motion (Doc. 17) to dismiss, filed by defendants PrimeCare Medical, Inc., and the individually-named medical care providers[2] (collectively, the "medical defendants") be denied, and upon further consideration of the York County

---

[1] The magistrate judge recommends that the motion to dismiss be denied, but he also notes the parties' agreement to dismiss defendant Mary E. Sabol, the Warden of York County Prison. (Doc. 29 at 5). Plaintiff Elaine McKissick ("McKissick") raises no objection to the dismissal of Warden Sabol from the above-captioned action. (Doc. 39 at 2). See infra note 6.

[2] The individually-named medical care providers are: Michelle Murphy, CMA; B. Hamrick, RN; Kimberly Heim, RN; Michelle Rau, EMT; Dr. Von Kiel; and Todd Haskins, RN, CCHP.

defendants' objections[3] (Docs. 32, 33) to the report and recommendation of the magistrate judge, wherein the York County defendants argue (1) that the complaint "fails to allege anything other than conclusory statements[,]" (Doc. 32 at 2)—in particular, that the claim under the Americans with Disabilities Act ("ADA") is not viable because McKissick "fails to allege that a reasonable accommodation request was made on the York County Defendants[,]"[4] (id.), (2) that the County of York

---

[3] The York County defendants' objections to the magistrate judge's report and recommendation appear on the court's docket as a motion (Doc. 32) requesting that the court reject the magistrate judge's report and recommendation.

[4] The York County defendants argue that the magistrate judge "erroneously" concluded that they "were not entitled to a request for accommodation . . . because Plaintiff's Complaint alleges that the Decedent's disability was obvious and well-known" to them. (Doc. 32 at 2). According to the York County defendants, the complaint fails to allege that they knew of the decedent's disability. (Doc. 33 at 4). Rather, under the allegations of the complaint, the disability was well-known only to the medical defendants. (Id. at 5). McKissick admits that the decedent's conditions were disclosed to the medical defendants, rather than to the York County defendants directly. (Doc. 38 at 2). McKissick observes, however, that "York County Prison has delegated the medical treatment of inmates" to the medical defendants. (Id.) McKissick therefore argues that the York County defendants cannot be relieved of liability on the basis that the disclosure was made to the medical defendants, "the staff designated to receive them[.]" (Id.)
 The court finds that McKissick has stated a viable ADA claim against the York County defendants, even though she has not pleaded that the decedent's disability was disclosed directly to them. The complaint alleges that "each of the Defendants was aware of and acquiesced in the acts of the other Defendants." (Doc. 1 ¶ 47). With that allegation, and the allegations pertaining to the knowledge and the actions of the medical defendants, the complaint indicates that the York County defendants knew about the decedent's need for accommodation.
 In light of this conclusion, the court need not resolve the issue of whether or not the York County defendants can be charged with knowledge of a disability which was disclosed to the medical defendants. The court notes that the parties have taken opposing viewpoints on this issue, but neither party has cited legal authority supporting its position.

2

should not remain a defendant in the above-captioned case,[5] and (3) that Warden Mary E. Sabol should not remain a defendant in the above-captioned case,[6] and upon further consideration of the medical defendants' objections (Docs. 30, 31) to the report and recommendation of the magistrate judge, wherein the medical defendants argue that the complaint fails to plead sufficient facts establishing a plausible claim under 42 U.S.C. § 1983 in two respects: (1) it fails to show that the medical defendants committed a constitutional violation, because the facts alleged do not demonstrate the medical defendants' deliberate indifference with respect to

---

[5] The York County defendants assert that the County of York is not an appropriate party, because the Commonwealth of Pennsylvania has vested the exclusive responsibility for the government and management of the York County Prison in the York County Prison Board. (Doc. 33 at 7). McKissick does not object to the dismissal of the County of York as a defendant, in recognition of the fact that the York County defendants have admitted that the York County Prison Board is the appropriate defendant. (Doc. 38 at 4). Therefore, the court will dismiss McKissick's claim against the County of York.

[6] The York County defendants contend that Warden Mary E. Sabol is not an appropriate party, because there is no individual liability under Title II of the ADA, the statute under which McKissick's claim against Warden Sabol arises. (Doc. 33 at 8). McKissick concurs with the dismissal of Warden Sabol as a defendant. (Doc. 38 at 4). Therefore, the court will grant defendants' request that Warden Sabol be dismissed from the case.

the decedent's medical care,[7] and (2) it fails to show that PrimeCare had a policy or

---

[7] In reaching his conclusion that McKissick's allegations did indeed suffice to state a claim of deliberate indifference, the magistrate judge relied on Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999) for its holding that "a variety of circumstances" have supported findings of deliberate indifference, "including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." 182 F.3d at 197 (citing Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)). The magistrate judge also noted that in Pearson v. Prison Health Services, 348 F. App'x 722 (3d Cir. 2009), the Third Circuit found that an "inmate sufficiently pleaded [an] Eighth Amendment claim where he alleged that he complained of severe abdominal pain and other maladies, and prison staff responded inadequately and with substantial delay[.]" (Doc. 29 at 11). The medical defendants seek to distinguish the instant case from Durmer and Pearson.

With respect to Durmer, the medical defendants argue that physical therapy was delayed for over four and a half months in Durmer, but in the instant case, McKissick has only alleged that they failed to provide the decedent with his prescribed medication for five days. (Doc. 31 at 4). McKissick, however, correctly observes that "neither Rouse nor Durmer imposes an arbitrary threshold for the actionable length of delay." (Doc. 37 at 3). Hence, this distinction does not persuade the court that the allegations of McKissick's complaint are insufficient.

The medical defendants also seek to distinguish Durmer on the basis that there was some evidence of a motive for deliberate delay in that case, unlike the instant case, in which McKissick neither alleges nor presents evidence that defendants had a motive to withhold the decedent's medication deliberately. Although it is true that the Durmer court noted some evidence of motive in that case, it did not require a plaintiff to allege or present such evidence in order to state a claim of deliberate indifference. To the contrary, it explicitly observed that "deliberate indifference could exist in a variety of different circumstances[.]" 991 F.2d at 68. Therefore, the court is not persuaded that McKissick's failure to allege a motive dooms her complaint to be dismissed.

Finally, the medical defendants argue that Pearson is distinguishable from the instant case in that no treatment whatsoever was provided in Pearson, whereas treatment was provided to the decedent here. Again, this distinction is accurately stated, but it does not lead the court to conclude that McKissick has failed to plead a plausible claim of deliberate indifference. The Pearson court did not hold that deliberate indifference cannot be found in cases where some medical treatment was provided. See 348 F. App'x 722, 725. This court finds no error in the magistrate judge's conclusion that McKissick's allegations suffice to state a claim.

4

custom which caused a constitutional violation,[8] it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 29) is ADOPTED as follows:

2. The motion (Doc. 12) to dismiss filed by the York County defendants is GRANTED in part and DENIED in part as follows:

   a. The motion (Doc. 12) is GRANTED insofar as it seeks dismissal of the claim against the County of York. The Clerk of Court is directed to TERMINATE the County of York as a defendant in the above-captioned case.

   b. The motion (Doc. 12) is GRANTED insofar as it seeks dismissal of the claim against Warden Mary E. Sabol. The Clerk of Court is directed to TERMINATE Warden Mary E. Sabol as a defendant in the above-captioned case.

3. The motion (Doc. 17) to dismiss filed by the medical defendants is DENIED.

---

[8] The medical defendants argue that "[e]ven if a Constitutional violation is found against an individual employee of PrimeCare, the Magistrate Judge erred in finding that Plaintiff plead facts sufficient to show that a policy or custom of PrimeCare caused a constitutional violation." (Doc. 31 at 6). They cite Kline v. Mansfield, 255 F. App'x 624, 629 (3d Cir. 2007), for the holding that it is difficult (though not impossible) for a plaintiff to establish municipal liability through a failure to train claim, unless he or she alleges a pattern of constitutional violations, and they contend that plaintiff has failed to allege such a pattern. (Id. at 7).

The medical defendants' argument is unavailing at this procedural juncture. The court agrees with the magistrate judge's finding that plaintiff "has alleged numerous policies and procedures"—not only failure to train, but also "inadequate maintenance and monitoring of medical equipment, and failure to properly prescribe and administer medical treatment and medication"—and that these allegations are sufficient to survive a motion to dismiss. (See Doc. 29 at 13). The medical defendants have failed to demonstrate error in this conclusion.

4. The motion (Doc. 32) requesting that the court reject the magistrate judge's report and recommendation is DENIED.

                                     S/ Christopher C. Conner
                                     CHRISTOPHER C. CONNER
                                     United States District Judge